IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND BOYLE,

                    Plaintiff,

    v.

VILLAGE OF PARDEEVILLE, COLUMBIA COUNTY,
and MICHAEL HAVERLEY,

                    Defendants.

OPINION and ORDER

19-cv-516-jdp

---

RAYMOND BOYLE,

                    Plaintiff,

    v.

COLUMBIA COUNTY, CORY MILLER,
DAVID CLARK, ALEXANDER AGNEW,
BENJAMIN OETZMAN, MARK SMIT,
JORDAN HAUETER, ROGER BRANDNER,
GREGORY BISCH, and MICHAEL HAVERLEY,

                    Defendants.

OPINION and ORDER

19-cv-517-jdp

---

These two cases were severed from case number 18-cv-582-jdp, which was filed originally in the Circuit Court for Columbia County and removed to this court. In the original complaint in case number 18-cv-582-jdp, plaintiff Raymond Boyle and several other plaintiffs sued more than 40 defendants associated with numerous local government entities for violations of their rights under the United States Constitution and state law. I severed the original case into seven different cases. In 19-cv-516-jdp, Boyle is challenging the constitutionality of a Village of Pardeeville ordinance relating to riding lawn mowers. Boyle contends that the ordinance is unreasonably vague, and that the ordinance has been applied

to him in a discriminatory manner. In 19-cv-517-jdp, Boyle is challenging a warrantless entry into his residence and a subsequent arrest that occurred in February 2018.

Before the court are defendants' motions to dismiss some or all of Boyle's claims. In 19-cv-516-jdp, defendants Village of Pardeeville and Michael Haverley filed a motion to dismiss Boyle's complaint in its entirety for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. Dkt. 10. In the alternative, defendants move to dismiss count 5 and paragraph 158 of count 9 of the original complaint that was filed in 18-cv-582-jdp, for failure to state a claim upon which relief may be granted. In 19-cv-517-jdp, Haverley filed a motion to dismiss paragraph 158 of the complaint for failure to state a claim upon which relief may be granted.

I will deny as moot defendants' requests that I dismiss counts 5 and 9 of Boyle's complaint, because I already dismissed the claims in those counts in the order severing these cases. Dkt. 1; *Kowald v. Columbia Cty.*, No. 18-CV-582-JDP, 2019 WL 1332583, at *3 (W.D. Wis. Mar. 25, 2019) (dismissing "plaintiffs' claim that several defendants failed to prevent others from conspiring to violating plaintiffs' rights (Count 5)" and "plaintiffs' claim that several defendants conspired under 42 U.S.C. § 1985(3) to violate their rights . . . (Count 9)").

I will also deny defendants' request to dismiss Boyle's claims relating to the Pardeeville ordinance. Defendants contend that Boyle's claims are barred by the *Rooker-Feldman* doctrine because he pleaded guilty to a violation of the Pardeeville ordinance in 2017, before he filed this lawsuit. Under the *Rooker-Feldman* doctrine, litigants may not bring suit in federal district court "complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). The *Rooker-Feldman* doctrine also prohibits lower federal courts from deciding matters "inextricably related

to state court decisions." *EOR Energy LLC v. Illinois Envtl. Prot. Agency*, 913 F.3d 660, 664 (7th Cir. 2019) (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–16 (1923); *Dist. of Columbia Ct. of App. v. Feldman*, 460 U.S. 462, 482–86 (1983)).

But *Rooker-Feldman* does not require dismissal of Boyle's claims for two reasons. First, Boyle did not file suit in federal court seeking review of a state court judgment. Boyle filed his claims in state court, and defendants removed the case to federal court. Under these circumstances, even if I agreed with defendants that *Rooker-Feldman* prohibited this court from resolving Boyle's claims, I would not dismiss the claims, but would remand the claims back to state court.

Second, Boyle's claims do not require this court to review and set aside the 2017 state court determination that he violated a village ordinance. Boyle argues instead that the Pardeeville ordinance is unconstitutional and that defendants have used it repeatedly to target and harass him unfairly. These claims are independent of the state court judgment, and this court can resolve them without undermining the state court judgment against Boyle. *See EOR Energy*, 913 F.3d at 664 (plaintiff's claim not barred by *Rooker-Feldman* if plaintiff is "acquiescing in the state court's judgment, including the penalties it imposed, and asking simply for a new ruling on the pure issues of law"); *GASH Assocs. v. Vill. of Rosemont, Ill.*, 995 F.2d 726, 728 (7th Cir. 1993) (plaintiff's claim not barred by *Rooker-Feldman* if plaintiff is bringing a claim that does not require invalidation of a state court judgment, even if the plaintiff's claim "denies a legal conclusion that a state court has reached in a case to which he was a party"). Boyle's claims might by barred under the doctrines of claim preclusion or issue preclusion, but defendants focus solely on *Rooker-Feldman*. Because *Rooker-Feldman* does not bar Boyle's claims, I will deny defendants' motion to dismiss.

3

ORDER

IT IS ORDERED that:

1. Defendants Village of Pardeeville and Michael Haverley's motion to dismiss, Dkt. 10 in 19-cv-516-jdp, is DENIED.

2. Defendant Haverley's motion to dismiss, Dkt. 10 in 19-cv-517-jdp, is DENIED.

Entered December 3, 2019.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge