IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND BOYLE,

                      Plaintiff,                          ORDER

    v.

                                                        19-cv-516-jdp

VILLAGE OF PARDEEVILLE, COLUMBIA COUNTY,
and MICHAEL HAVERLEY,

                      Defendants.

---

RAYMOND BOYLE,

                      Plaintiff,

    v.

                                                        ORDER

COLUMBIA COUNTY, CORY MILLER,
DAVID CLARK, ALEXANDER AGNEW,                           19-cv-517-jdp
BENJAMIN OETZMAN, MARK SMIT,
JORDAN HAUETER, ROGER BRANDNER,
GREGORY BISCH, and MICHAEL HAVERLEY,

                    Defendants.

---

In these two cases, pro se plaintiff Raymond Boyle is challenging the constitutionality of a local ordinance and actions taken by local law enforcement in Columbia County and the Village of Pardeeville. On May 21, 2020, I granted motions to compel filed by defendants Village of Pardeeville (in 19-cv-516) and Michael Haverley (in both cases), ordering Boyle to provide complete responses to defendants' discovery requests by May 27. Dkt. 54 in 19-cv-516; Dkt. 42 in 19-cv-517. And I warned Boyle that if he did not comply, I would consider dismissing his lawsuits as a sanction.

Defendants have notified the court that Boyle has not provided discovery responses as ordered. And defendants have filed a motion to dismiss both cases as a sanction under Rule

37(b)(2) of the Federal Rules of Civil Procedure. Under Rule 37(b)(2), a court may dismiss a suit as a sanction for a party's failure to comply with a court order about discovery. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was "at fault" for the failure to comply with discovery orders. *Ramirez*, 845 F.3d at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or gross negligence, rather than mere mistake or carelessness. *Id.*

  Boyle filed an untimely brief in opposition to defendants' motions to dismiss. The brief is incoherent and mostly nonresponsive to defendants' motions. Boyle does not address his failure to respond to defendants' discovery requests, but instead seems to be complaining about recent criminal proceedings and activity in state court. Boyle also filed several documents related to state court proceedings. It is not clear whether Boyle thinks the documents are responsive to defendants' discovery requests.

  Despite Boyle's unhelpful response, I conclude that dismissal of Boyle's cases is not warranted at this time. Although Boyle failed to comply with the court's order on the motion to compel and has failed to respond fully to defendants' discovery requests, Boyle is attempting to litigate this case. He says that he attended his deposition, and that he has attempted to submit responses to defendants' discovery requests. In light of his pro se status and his participation in his cases, I will give Boyle one more opportunity to provide proper responses to defendants' discovery requests.

  Boyle should not respond to discovery requests by sending a stack of documents to the court. Instead, Boyle should review the discovery requests sent by defendants and should

respond to each request individually. Boyle must respond to each numbered interrogatory and each specific document request submitted by defendants. If Boyle does not know the answer to a specific question, he should say "I don't know" in response to the question. If Boyle does not have a document responsive to a specific document request, he should say "I don't have any documents." Boyle should be aware that he will not be allowed to use any document or information at summary judgment or trial that he should have provided to defendants but failed to do so. If Boyle does not respond to defendants' discovery requests by the deadline set forth below, I will dismiss these cases.

## ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss, Dkt. 63 in 19-cv-516-jdp; Dkt. 45 in 19-cv-517-jdp, are DENIED.

2. Plaintiff Raymond Boyle's motions to file responses to the sanction motions, Dkt. 65 in 19-cv-516-jdp; Dkt. 49 in 19-cv-517-jdp, are GRANTED.

3. Boyle may have until July 7, 2020 to file complete responses to defendants' February 24, 2020 discovery requests. If Boyle does not file responses by that date, I will dismiss these cases as a sanction under Rule 37(b) of the Federal Rules of Civil Procedure.

Entered June 30, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge