IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RAYMOND BOYLE,

                Plaintiff,

  v.

VILLAGE OF PARDEEVILLE, COLUMBIA COUNTY,
and MICHAEL HAVERLEY,

                Defendants.

ORDER

19-cv-516-jdp

---

RAYMOND BOYLE,

                Plaintiff,

  v.

COLUMBIA COUNTY, CORY MILLER,
DAVID CLARK, ALEXANDER AGNEW,
BENJAMIN OETZMAN, MARK SMIT,
JORDAN HAUETER, ROGER BRANDNER,
GREGORY BISCH, and MICHAEL HAVERLEY,

                Defendants.

ORDER

19-cv-517-jdp

---

In these two cases, pro se plaintiff Raymond Boyle is challenging the constitutionality of a local ordinance and actions taken by local law enforcement in Columbia County and the Village of Pardeeville. On May 21, 2020, I granted motions to compel filed by defendants Village of Pardeeville (in 19-cv-516) and Michael Haverley (in both cases), ordering Boyle to provide complete responses to defendants' discovery requests by May 27. Dkt. 54 in 19-cv-516; Dkt. 42 in 19-cv-517. I warned Boyle that if he did not comply, I would consider dismissing his lawsuits as a sanction. On June 30, 2020, I denied defendants' motion to dismiss these cases, even though Boyle had failed to provide complete responses to their discovery requests. Dkt. 67. I gave Boyle one final opportunity to respond to defendants' discovery

requests, and I stated that if Boyle did not respond by July 7, 2020, I would dismiss these cases as a sanction. Now defendants have notified the court that Boyle has not provided discovery responses as ordered, and they request that these cases be dismissed under Rule 37(b)(2) of the Federal Rules of Civil Procedure. Dkt. 68.

I am granting defendants' motion. Under Rule 37(b)(2), a court may dismiss a suit as a sanction for a party's failure to comply with a court order about discovery. *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 775 (7th Cir. 2016). Before dismissing a suit as a sanction under Rule 37, the court must find that the plaintiff acted willfully, in bad faith, or at least, was "at fault" for the failure to comply with discovery orders. *Ramirez*, 845 F.3d at 776. Fault, in contrast to willfulness or bad faith, does not require a showing of intent, but presumes that the sanctioned party had "extraordinarily poor judgment" or gross negligence, rather than mere mistake or carelessness. *Id.*

In this instance, I find that Boyle is at fault in failing to respond to defendants' discovery requests and in failing to comply with this court's order on defendants' motion to compel. I warned plaintiff in the June 30, 2020 order that I would dismiss this action if he failed to provide discovery responses to defendants. Plaintiff failed to comply with that order. Although he filed documents with the court on July 16, the documents relate to a 2020 state court criminal action and are not relevant to this case nor responsive to defendants' discovery requests. And Boyle has offered no explanation for his failure to respond to this court's previous orders.

Dismissal of this case is an appropriate sanction under the circumstances. Boyle's actions have prejudiced defendants, as defendants have continued to incur costs and fees in

attempting to litigate this case despite Boyle's refusal to engage with them. Accordingly, I am dismissing this case under Rule 37(b).

ORDER

IT IS ORDERED that motions to dismiss these cases as a sanction, Dkt. 68 in 19-cv-516-jdp and Dkt. 55 in 19-cv-517-jdp, filed by defendants Columbia County, Michael Haverley, Village of Pardeeville, Alexander Agnew, Gregory Bisch, Roger Brandner, David Clark, Jordan Haueter, Cory Miller, Benjamin Oetzman, and Mark Smit are GRANTED. These cases are DISMISSED with prejudice under Fed. R. Civ. P. 37(b)(2). The clerk of court is directed to enter judgment for defendants and close these cases.

Entered July 23, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge